IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TUYO HOLDINGS, LLC § | | |
|     Plaintiff, § | Case No. 5:24-cv-1407 | |
| § | | |
| v. § | | |
| § | | |
| MASSACHUSETTS MUTUAL LIFE § | JURY TRIAL DEMANDED | |
| INSURANCE COMPANY, § | | |
|     Defendant. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND REQUEST FOR DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, TUYO HOLDINGS, LLC, Plaintiff, and files this Original Complaint, against Defendant MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY ("MassMutual"), and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. Further, this Court has subject matter jurisdiction over Defendant because it conducts business in the State of Texas and has purposefully availed itself of the benefits of conducting business with Plaintiff and others doing business in Texas, and the causes of action set forth herein arise from and are related to Defendant's activities in the State of Texas.

2. At all times relevant to this action, Defendant, either directly or indirectly, engaged in the business of marketing, promoting, distributing, and selling insurance policies, within the

State of Texas, with a reasonable expectation that the policies would be used or consumed in this state, and thus regularly solicited or transacted business in this state.

3. Defendant engaged in substantial business activities in the State of Texas. At all relevant times, Defendant transacted, solicited, and conducted business in the State of Texas through their employees, agents and/or sales representatives and derived substantial revenue from such business in Texas.

4. Venue in the San Antonio Division of the United States District Court for the Western District of Texas is proper pursuant to U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this district.

## II. PARTIES

5. Plaintiff, TuYo Holdings, LLC is a Texas limited liability company with its principal place of business located at 616 E. Blanco Rd., Suite 202B, Boerne, Texas 78006.

6. MassMutual is a Massachusetts corporation doing business in Texas and having an address of 1295 State Street, Springfield, MA 01111 and a phone number of (800) 272-2216. MassMutual is licensed with the Texas Department of Insurance and may be served through Corporate Creations Network Inc., 5444 Westheimer Road, Suite 1000, Houston, Texas 77056-5318. **Citation is requested at this time. Service will be via private process service.**

## III. FACTUAL ALLEGATIONS

7. This lawsuit arises out of, and in response to, the actions and omissions of MassMutual with respect to Policy No. 6,196,883 for the insured Herbert C. Smith, a resident of Missouri (the "Smith Policy"). Specifically, this lawsuit arises out of MassMutual's wrongful termination of the Policy.

8. MassMutual issued the Smith Policy) on November 19, 1996. The Smith Policy has a base policy coverage of $1,540,000. On February 2, 2017, Policy Services, Inc., a Texas corporation based in San Antonio, TX, purchased the Smith Policy.

9. MassMutual acknowledged Policy Service's acquisition of the Smith Policy and directed correspondence to the San Antonio address. Policy Services paid premiums to MassMutual, which it accepted, with the expectation that MassMutual would abide by the terms of the Smith Policy and the promises it made therein.

10. On March 15, 2022, TuYo Holdings, LLC, ("TuYo") Plaintiff in this matter, entered into a purchase and sale agreement with Policy Services, Inc.'s Chapter 7 Trustee to acquire all right, title and interest, to include legal remedies, in the Policy. On April 12, 2022, United States Bankruptcy Judge Michael Parker of the Western District of Texas entered an order approving the purchase and sale agreement.

11. Plaintiff, as assignee, has all rights to the Policy that Mr. Herbert Smith and Policy Services had against MassMutual including all causes of action.

12. The Smith Policy identifies two ways in which the Smith Policy will enter a grace period:

> If on any Monthly Anniversary, the Debt is greater than the Surrender Value, then this Policy will enter the Grace Period. If on any Monthly Anniversary, the Debt is less than or equal to the Surrender Value, then this Policy will not enter the Grace Period if any of the following conditions 1-4 are true:

13. Based on information and belief, there was no Debt for the Smith Policy for the years 2019-2021.

14. The first condition is if the Surrender Value is greater than zero. The Smith Policy defines the Surrender Value as "Fund Value less the Surrender Charge."

15. Based on information and belief, the Surrender Charge is zero for the years 2019 – 2021.

16. The third condition provides:

> 3. The Policy is in the Second Guarantee Period and the paid premiums accumulated at the Guaranteed Interest Rate are greater than or equal to the Second Guarantee Monthly Premium accumulated at the Guaranteed Interest Rate assuming the Second Guarantee Monthly Premium is paid on the first day of each Policy Month from the Policy Date. Paid premiums are equal to the total of all premiums paid into this Policy less the total of all Partial Surrenders. The Second Guarantee Period and the Second Guarantee Monthly Premium are shown in the Policy Specifications.

17. Upon entering Grace Period, the Smith Policy details the notice requirements and the conditions of termination:

> If this Policy enters the Grace Period on any Monthly Anniversary, a premium sufficient to satisfy any one of conditions #1 through #4 described above will be due 31 days after such Monthly Anniversary. During this 31 day period, the Policy will stay In Force. Notice of the required premium will be mailed to You and, if You have so requested, to any assignee of record, at Your last known address(es). If the required premium is not paid by the due date, this Policy will terminate without value on the later of:
>
> 1. 31 days after the written notice is mailed; or
> 2. 31 days after the required premium's due date.

18. MassMutual sent a letter dated November 3, 2020 to Policy Services indicating the Smith Policy entered grace period and that $2,866.27 was needed before November 30, 2020. On December 2, 2020, Policy Services submitted a payment of $7,000 towards the Smith Policy. On December 8, 2020, MassMutual sent another letter indicating the Smith Policy remained in grace and stated that $7,274.28 was needed before December 31, 2020. The December 8, 2020 letter did not indicate whether or not the $7,000 was received and credited to the Smith Policy. On December 10, 2020, MassMutual sent another letter, acknowledging payment of $7,000, and further indicating the Smith Policy remained in grace with $246.79 needed before December 31, 2020, to prevent termination.

19. MassMutual then sent a letter dated January 14, 2021 to Policy Services indicating the Smith Policy entered grace period and that $4,647.33 was needed before January 31, 2021. Policy Services mailed a check to MassMutual for $8,000 on February 2, 2021.

20. MassMutual sent a letter dated February 16, 2021 to Policy Services acknowledging the $8,000 payment which it credited on February 3, 2021. The February 16 letter

further stated the Smith Policy was in grace period and that $1,016.83 was needed by February 28, 2021.

21. On March 22, 2021, MassMutual sent a "Special Notice" indicating the Smtih Policy was in grace and that it was in danger of terminating. The Special Notice indicated MassMutual needed to receive a "premium payment" by April 19, 2021 or else the Smith Policy will terminate. The Special Notice stated $5,419.57 was needed by March 31, 2021.

22. Policy Services mailed a check to MassMutual for $9,000 on April 19, 2021.

23. The $9,000 check from Policy Services was received by MassMutual on April 20, 2021.

24. On April 28, 2021, MassMutual returned the $9,000 check and terminated the Smith Policy. On May 20, 2021, Policy Services sent a replacement check of $9,000 indicating MassMutual mistakenly terminated the Smtih Policy. On June 1, 2021, MassMutual returned the replacement check of $9,000 indicating the Smith Policy lapsed.

25. MassMutual terminated the Smith Policy before the 31 days expired from the March 22, 2021 notice.

26. Based on information and belief, the Fund Value of the Smith Policy was not negative on February 28, 2021.

27. Based on information and belief, the Fund Value of the Smith Policy was not negative on March 31, 2021.

28. Based on information and belief, condition 3 was true on or around March 1, 2021 in that the "paid premiums accumulated at the Guaranteed Interest Rate are greater than or equal to the Second Guaranteed Monthly Premium accumulated at the Guaranteed Interest Rate assuming the Second Guaranteed Monthly Premium is paid on the first day of each Policy Month from the Policy Date."

29. Based on information and belief, condition 3 was true on April 19, 2021 in that the "paid premiums accumulated at the Guaranteed Interest Rate are greater than or equal to the Second Guaranteed Monthly Premium accumulated at the Guaranteed Interest Rate assuming the Second Guaranteed Monthly Premium is paid on the first day of each Policy Month from the Policy Date."

30. Plaintiff is damaged as the Smith Policy is now terminated and Plaintiff may no longer enjoy the benefits of the Smith Policy as bargained for. Additionally, MassMutual wrongfully retained all premiums paid related to the Smith Policy. As of the date of this filing, MassMutual has refused to reinstate the Smith Policy.

## IV. CAUSES OF ACTION

### Count I
### Declaratory Judgment

31. Plaintiff restates and incorporates by reference the allegations set forth in all preceding and forgoing paragraphs as if set forth fully herein.

32. This suit is being brought pursuant to 28 U.S.C. § 2201 which states in relevant part:

> …any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not such relief is or could be sought.

33. Plaintiff seeks a declaratory judgment under the U.S. Declaratory Judgment Act declaring that the Smith Policy made the subject of this lawsuit was wrongfully terminated by MassMutual and that Plaintiff is entitled to make payments to bring the Smith Policy current.

34. An actual and live controversy exists because the determination of this issue directly affects the Plaintiff's rights and interests under the Smith Policy pending an order of this Court.

35. Plaintiff, through this action, seeks to have the Court declare that 1) the Policy was wrongfully terminated by MassMutual; and 2) Plaintiff is entitled to make all payments necessary to bring the Smith Policy current and that upon such payments being made that the Smith Policy will be in force in accordance with the terms and provisions of the Policy contract.

### Count II
### Breach of Contract

36. Plaintiff restates and incorporates by reference the allegations set forth in all preceding and forgoing paragraphs as if set forth fully herein.

37. The Smith Policy is a valid, enforceable contract between Plaintiff (through assigns) and MassMutual.

38. Plaintiff is a proper party to assert breach of contract against MassMutual.

39. Plaintiff has performed its contractual obligations under the Smith Policy.

40. MassMutual has breached the Smith Policy by improperly terminating it.

41. MassMutual's breach has caused injury and damages to Plaintiff.

### V. CONDITIONS PRECEDENT

42. Plaintiff contends and asserts that it has complied with and performed all conditions precedent necessary to pursue these claims and requests for recovery, if any such preconditions exist.

### VI. ATTORNEYS' FEES

43. As a result of the Defendants' conduct, Plaintiff was required to retain legal counsel and now seeks its reasonable and necessary legal fees and expenses pursuant to Tex. Civ. Prac. & Rem. Code § 37.009, Tex. Bus. & Com. Code § 17.009 and Tex. Ins. Code § 541.152.

## DEMAND FOR JURY

44. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby requests a trial by jury of all issues of fact in this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, TuYo Holdings, LLC prays that this Court set this matter for trial and after adequate notice to Defendant:

1. Compensatory damages in excess of the jurisdictional amount, including but not limited to, non-economic damages in excess of $75,000.

2. Enter judgment against Defendant, on all claims for declaratory relief including, but not limited to a determination that

    a. the Smith Policy was wrongfully terminated by MassMutual; and

    b. Plaintiff is entitled to make all payments necessary to bring the Smith Policy current and that upon such payments being made that the Smith Policy will be in force in accordance with the terms and provisions of the Smith Policy contract.

3. Order Defendant to comply with the Policy and reinstate the Smith Policy upon payment of premiums or alternatively award Plaintiff actual damages;

4. Award Plaintiff all reasonable and necessary attorneys' fees, expenses, and costs incurred in this litigation;

5. Pre-Judgment Interest at the highest lawful rate allowed by law;

6. Post judgment Interest on the judgment at the highest legal rate from the date of judgment until collected;

7. Further grant Plaintiff TuYo Holdings, LLC such other and further relief, both in law and equity, to which it may show itself justly entitled.

Respectfully Submitted,

By:   /s/ Jason E. McKinnie

**MCKINNIE & PAUL, PLLC**
8610 North New Braunfels, Suite 320
San Antonio, Texas 78217

        Telephone:    210-247-2220
        JASON E. MCKINNIE
        State Bar No. 24070247
        Email: jmckinnie@mckinniepaul.com

        **BROCK UPHAM YOST & STRIEBER, PLLC**
        616 E. Blanco, Suite 202B
        Boerne, Texas 78006
        Gregory Yost
        State Bar No. 24082391
        Email: greg@buys-law.com
        LES J. STRIEBER
        State Bar No. 19398000
        Email: les@buys-law.com


        **ATTORNEYS FOR PLAINTIFF**
        **TUYO HOLDINGS, LLC**